NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0033n.06

No. 12-1622

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEJUAN THORNTON,                                )
                                                )
     Plaintiff-Appellant,                     )
                                                )       ON APPEAL FROM THE UNITED
v.                                              )       STATES DISTRICT COURT FOR
                                                )       THE EASTERN DISTRICT OF
COMERICA BANK,                                  )       MICHIGAN
                                                )
     Defendant-Appellee.                      )


Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM. Dejuan Thornton, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Thornton's one-page complaint alleged that his deceased grandmother had an account at Comerica Bank and that he was a beneficiary to that account. Thornton requested a court order allowing him and his cousin to have access to the account. He also requested that two hundred dollars from the account be transferred to his account with the Federal Bureau of Prisons. Thornton subsequently filed a motion for summary judgment. Comerica filed a response and a counter-motion for summary judgment.

A magistrate judge concluded that Comerica was not a state actor subject to liability under section 1983 and that the court lacked jurisdiction over any remaining claims. The magistrate judge found that there was no federal question jurisdiction and, even assuming that the parties' citizenship was diverse, the amount in controversy did not satisfy the $75,000 requirement of 28 U.S.C. § 1332. The magistrate judge recommended denying Thornton's motion for summary judgment, granting

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Comerica's motion for summary judgment, and dismissing the action without prejudice. Because no objections to the magistrate judge's report was filed by either party, the district court adopted the magistrate judge's report and dismissed the action without prejudice. After the district court's judgment was entered, the district court received objections from Thornton wherein he claimed that he timely presented his objections to prison officials for mailing. Assuming that the objections were timely, the district court overruled the objections, concluding that they did not affect the propriety of the magistrate judge's recommendation.

On appeal, Thornton argues that the district court's conclusion regarding the amount in controversy was incorrect, as the amount of money in dispute is over $75,000. He asserts that the magistrate judge failed to contact Comerica to determine that the amount in controversy was actually in the hundreds of thousands of dollars.

The district court's grant of summary judgment is reviewed de novo. *Carter v. Univ. of Toledo*, 349 F.3d 269, 272 (6th Cir. 2003). Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Liability under section 1983 "attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal quotation marks and citation omitted). In order for a private entity to be subject to suit under section 1983, the entity's actions must be fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982); *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1996). Thornton failed to demonstrate a genuine issue of material fact that actions taken by Comerica had a sufficient nexus to the state. Thus, summary judgment was properly granted on his § 1983 claims.

The district court also properly concluded that it lacked diversity jurisdiction over any remaining claims because the amount in controversy was less than $75,000. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373

(1978) (emphasis in original); 28 U.S.C. § 1332. We review de novo a district court's determination that it lacks subject matter jurisdiction. *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998). It is the party who opposes dismissal that has the burden of proving subject matter jurisdiction. *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000).

Assuming that the parties are citizens of different states, Thornton cannot satisfy the amount-in-controversy requirement. Courts discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Thornton's complaint requested that Comerica transfer only $200 into his prison account. He alleged in other pleadings that he opened the account at Comerica with his grandmother with a $4,000 deposit. However, this amount falls short of the $75,000 jurisdictional requirement of section 1332. Further, Thornton made no other allegations concerning the balance of the account. Thus, the district court did not err in dismissing any remaining claims for lack of jurisdiction.

The district court's judgment is affirmed.